IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 OCT 26 PM 2: 12

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| HELEN M. STARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   01-2804 B/A |
| ) | |
| SEARS, ROEBUCK & CO., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY OF OR ABOUT JOE MORTON

Before the Court is Plaintiff's Motion in Limine to Exclude Any Testimony of or about Joe Morton filed on July 14, 2005. United States District Judge J. Daniel Breen referred this Motion to the United States Magistrate Judge for determination. For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

This action arises out of an assault suffered by Plaintiff on September 9, 2000, at the hands of an unknown assailant in the parking lot of Southland Mall in Memphis, Tennessee. Plaintiff has sued the Defendants, alleging that they were responsible for providing safety and security at Southland Mall and that the security precautions taken were not reasonable under the circumstances. Plaintiff contends that the Defendants breached the duty of care owed by them to

1

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-27-05

(159)

her and this breach was a proximate cause of Plaintiff's injuries. Specifically, Plaintiff alleges that the lack of closed circuit security cameras and that the level of vehicular patrols was inadequate to protect customers of Southland Mall from foreseeable criminal attacks.

In regards to Plaintiff's allegations concerning the lack of adequate vehicular patrols, Southland Mall customarily employed two officers to patrol the mall's parking lot from 11:00 a.m until 10:00 p.m. The parking lot of the mall was divided into six zones, one, two, three, four, five, and six, and one officer was responsible for zones one, five, and six. The other officer was responsible for zones two, three, and four. On the day of her assault, Plaintiff claims that only one security officer was patrolling the parking lot and thus the level of vehicular patrols that day was, at best, half of what Defendants had determined was minimally acceptable.

Pursuant to Federal Rule of Civil Procedure 702, Defendants identified Mr. Steven Rutledge ("Rutledge") as an expert witness and indicated that he would testify regarding the adequacy of security measures at Southland Mall on the date the assault against Plaintiff occurred. In Rutledge's expert report, submitted on November 1, 2002, he makes reference to a person named "Morton" who was on security patrol the day Plaintiff was assaulted and responded to the scene of the assault. At the deposition of Rutledge on January 20, 2005, Plaintiff learned that he had met with Morton when he visited the Southland Mall in preparation for rendering his expert opinion in this case. According to Rutledge, Morton introduced himself as a security officer at the mall who had responded to the scene of Plaintiff's assault and thus Rutledge believes there were two officers patrolling the parking lot on the day in question.

Plaintiff filed this Motion in an attempt to prohibit Morton from testifying at trial and to prohibit the Defendants from offering any testimony regarding Morton's alleged role in the

2

incident at issue in this case. Plaintiff claims that the reference by Rutledge to the presence of Morton is in direct opposition to the sworn testimony of four witnesses and Defendant Valor Security Services, Inc.'s own incident reports which indicates that only one officer, William Singleton, was patrolling the entire parking lot when the incident occurred. Further, Plaintiff points out that this reference to Morton is inconsistent with Defendants' responses to Plaintiff's discovery requests for the names of any individuals with knowledge in which they have failed to identify Morton, either initially or in a supplemental response.

## ANALYSIS

Federal Rule of Civil Procedure 33 allows parties to serve upon any other parties written interrogatories. The party served must answer such interrogatories fully and must amend or supplement a response if he or she learns that the first response was incomplete or incorrect. Fed. R. Civ. P. 26(e)(2). Failure to do so prevents that party from using the information or witness he or she failed to disclose as evidence at trial, unless such failure is harmless. Fed. R. Civ. P. 37(c)(1). See also *DirectTV, Inc. v. McCool*, 339 F. Supp. 2d 1025 (6th Cir. 2004).

In this case, Morton was never identified by the Defendants as a person with knowledge, either in their initial responses to Plaintiff's interrogatories, or in any supplemental response. Plaintiff was not made aware of his existence as a security officer until she received Rutledge's expert report, and it was not clear that it was Defendants' position that Morton was also patrolling the mall's parking lot on the day she was assaulted. It was not until she was able to depose Rutledge in 2005, two and one-half (2 ½) years after the receipt of his report, that the Defendants' position was clarified. Defendants have been aware that Plaintiff and her expert were operating with the knowledge that only one security officer was patrolling the parking lot

3

on the day in question since August 2002, a position supported by Officer William Singleton, Valor's own Incident Reports and the testimony of other witnesses deposed by the Plaintiff. Deposition of William Singleton, p. 32, L. 2 through p. 33, L. 2, p. 43, L. 11-24; Deposition of DeCarlos Smith, p. 83, L. 20 through p. 84, L. 15; Deposition of Helen M. Starnes, (Plaintiff generally describes the response of only one security officer.); Deposition of Loretta James, p. 25, L. 23 through p. 27, L. 25 . Additionally, Morton is no longer employed by the Defendants and apparently cannot be found by either Plaintiff or Defendant, depriving Plaintiff of any chance to depose him prior to trial.[1]

Due to the above circumstances, allowing Defendant to introduce Morton into the case will result in prejudice to the Plaintiff. He was never identified as a person with knowledge and the Defendants knew that Plaintiff's expert rendered his opinion with the understanding that only one security officer was on patrol that day.[2] Equally important, he is unable to be located at this time such that Plaintiff cannot be afforded an opportunity to depose him in order to verify the information contained in Rutledge's expert report.

**IT IS THEREFORE ORDERED** Plaintiff's Motion in Limine to Exclude Any Testimony of or about Joe Morton be **GRANTED**. ANY OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER SHALL BE MADE WITHIN TEN (10) DAYS AFTER SERVICE OF THE ORDER, SETTING FORTH PARTICULARLY THOSE PORTIONS OF

---

[1] Plaintiff claims that her inability to find Morton is due, partially, to the outdated personal information provided to her by Defendants.

[2] By separate Order, the Court granted Defendants' Motion to Exclude Testimony of Plaintiff's Expert, William E. Hudson. This does not, however, diminish the fact that the Plaintiff has been operating under the well-supported belief that Singleton was the only security officer on patrol at the time the incident occurred.

4

THE ORDER OBJECTED TO AND THE REASON FOR THE OBJECTION.

**IT IS SO ORDERED.**

_____
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

October 25, 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 159 in case 2:01-CV-02804 was distributed by fax, mail, or direct printing on October 27, 2005 to the parties listed.

---

David Wade
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Dale H. Tuttle
GLASSMAN JETER EDWARD & WADE
26 N. Second Street
Memphis, TN 38103

Robert A. Cox
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Warren D. McWhirter
McWHIRTER WYATT & ELDER
73 Union Ave.
Memphis, TN 38103

Steven M. Markowitz
LAW OFFICE OF STEVEN M. MARKOWITZ
45 S. Idlewild
Ste. 509
Memphis, TN 38104

Mark W. Raines
McWHIRTER WYATT & ELDER
73 Union Ave.
Memphis, TN 38103

Lauri Hays Prather
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Honorable J. Breen
US DISTRICT COURT