IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

HELEN M. STARNES,

    Plaintiff,

v.                              No. 01-2804 B An

SEARS ROEBUCK & CO., et al.,

    Defendants.

---

### ORDER OVERRULING OBJECTIONS AND AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF OR ABOUT JOE MORTON

---

On October 26, 2005, Magistrate Judge S. Thomas Anderson entered an order granting the July 14, 2005 motion in limine of the Plaintiff, Helen M. Starnes, to exclude any testimony of or about Joe Morton. This case involves an assault on the Plaintiff in the parking lot of Southland Mall in Memphis, Tennessee for which she alleges the Defendants are responsible. Starnes claims in part that the vehicular security patrols in the lot were inadequate to protect customers. Although it appears the shopping center employed two officers to patrol the lot, the Plaintiff has averred that there was only one officer present on the day of the assault.

The Defendants identified Steven Rutledge as an expert witness who would testify at trial concerning the adequacy of security on the date at issue. In his report, he referred to Morton who introduced himself to Rutledge as a security guard at the shopping center who responded to the incident call and with whom Rutledge spoke in preparing his expert opinion. Starnes argued in her motion to exclude that the Defendants never identified Morton as an individual with knowledge of the facts and that Morton's alleged presence at the scene was in direct contravention with witness testimony as well as incident reports prepared by Defendant Valor Security Services, Inc. ("Valor"). Furthermore, attempts to locate Morton had been fruitless as a result of outdated personal information provided by Valor and, therefore, he could not be deposed. The magistrate judge granted the motion to exclude based on his conclusion that

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 12-12-05



permitting the Defendants to introduce evidence concerning Morton would result in prejudice to the Plaintiff. Defendant Valor has filed a timely appeal of the order, to which Starnes has responded.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court judge is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed 746 (1948).

In its appeal, Valor maintains that (1) the continuance of the trial from November 7, 2005 mitigates any prejudice arising from the alleged late disclosure and that (2) it did not have a duty to supplement its disclosures regarding Morton. The Defendant submits that it has, since the entry of the magistrate judge's order, provided supplemental answers to interrogatories naming Morton as an individual with knowledge of the facts of the case as well as Morton's last known address, which it is attempting to verify. Therefore, it argues, so long as Starnes has the opportunity to depose Morton prior to the next trial setting, which is in January 2006, no prejudice will accrue. In addition, Valor asserts that it had no duty to supplement its disclosures at the time the decision was rendered because all the information it possessed concerning Morton was made available to the Plaintiff prior to the end of discovery by virtue of Rutledge's report and deposition and the release of Morton's personal information.[1] Finally, Valor requests

---

[1] The Defendant relies on Rule 26(e) of the Federal Rules of Civil Procedure, which states in part that

> [a] party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.*

2

that, in the event the magistrate judge's ruling is permitted to stand, evidence by other witnesses be allowed concerning their personal observations of Morton.

In response, the Plaintiff points out that the Defendant languished for over two years prior to providing information to her relevant to Morton's very existence. During that time, the Defendants were aware Starnes was preparing for this case under the impression there was only one security officer in the parking lot when she was assaulted. This preparation included the submission of the report of her expert in August 2002, who also operated under that assumption. Over two years later, in January 2005, Rutledge testified in his deposition that he met with Morton in October 2002, three days after he was retained by the Defendants. The Plaintiff insists that simply permitting her to depose Morton five years after the incident occurred, years after the completion of discovery and on the eve of trial, falls far short of remedying the prejudice to her.

With respect to Valor's contention that supplementation was not required, Starnes posits that, during the discovery process, Morton's information was "obscured amongst data sheets pertaining to all Valor employees on duty" the day of the attack and was not included in the Defendants' list of knowledgeable individuals. Therefore, it was not properly disclosed. In addition, she notes that, even though expert depositions continued thereafter, the discovery deadline in this case was May 3, 2004. She advised that Rutledge's deposition occurred at such a late date because her repeated requests for his deposition had gone unanswered and her agreement to accommodate his schedule. The Plaintiff also points out that, if Valor had disclosed Morton at the time it made him available to its expert, she could have found and deposed him.

The Court finds, in reviewing the submissions, that, at best, the Defendant has been

---

Fed. R. Civ. P. 26(e) (emphasis added).

Valor informs the Court in its appeal that Morton is no longer its employee and that it has not been able to locate him. It further advises, however, that because of its attorney's involvement in a separate case, Valor may now have a lead on Morton's current whereabouts.

3

inattentive in its failure to timely provide the Plaintiff with information relative to a second officer on the scene of the incident, even though it was aware the focus of her lawsuit, at least in part, rested on a failure of the Defendants to employ *two* officers on the lot at a time. Thus, the Court cannot find that the magistrate judge's finding of prejudice to the Plaintiff was clearly erroneous or contrary to law. See Fed. R. Civ. P. 37(c)(1) (A party which fails to disclose information required under the Federal Rules of Civil Procedure may not, unless the failure is harmless, use such information as evidence at trial). Moreover, Valor's argument suggesting that it was excepted from its duty to disclose Morton because that information was "otherwise known" to the Plaintiff is somewhat disingenuous in light of a clear indication from Starnes that, up until the eve of trial, she continued to maintain her position that only one security officer was assigned to the parking area.[2] Again, the Court can justify no finding that the magistrate's judge's ruling was clearly erroneous or contrary to law. As to the Defendant's request regarding other witness testimony, since the magistrate judge made no ruling on such a request, this Court will not consider the issue in the instant appeal.

For the reasons set forth herein, the appeal is DENIED and the order of the magistrate judge is AFFIRMED.

IT IS SO ORDERED this 9th day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] Indeed, the Defendant does not take issue with the magistrate judge's statement that "the Defendants knew that Plaintiff's expert rendered his opinion with the understanding that only one security officer was on patrol that day." (Order Granting Pl.'s Mot. in Limine to Exclude Any Testimony of or about Joe Morton at 4.)

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 176 in case 2:01-CV-02804 was distributed by fax, mail, or direct printing on December 12, 2005 to the parties listed.

---

Warren D. McWhirter
McWHIRTER WYATT & ELDER
73 Union Ave.
Memphis, TN 38103

Steven M. Markowitz
LAW OFFICE OF STEVEN M. MARKOWITZ
45 S. Idlewild
Ste. 509
Memphis, TN 38104

Mark W. Raines
McWHIRTER WYATT & ELDER
73 Union Ave.
Memphis, TN 38103

Robert A. Cox
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Lauri Hays Prather
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

David Wade
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Dale H. Tuttle
GLASSMAN JETER EDWARD & WADE
26 N. Second Street
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT